## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

|  |  |  |
|---|---|---|
| CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND; and CHARLES A. WHOBREY, as Trustee, | ) ) ) ) | Case No. 26-cv-7388 |
| *Plaintiffs,* | ) ) | Judge |
| v. | ) ) ) | Magistrate Judge |
| EMILY CORTESE, in her capacity as Dative Independent Executrix of the Estate of Michael R. Celestin, | ) ) ) ) ) | |
| *Defendant.* | ) | |

## COMPLAINT

Plaintiffs, Central States, Southeast and Southwest Areas Pension Fund and Charles A. Whobrey, one of the Fund's present trustees, for causes of action against Defendant, allege as follows:

### Jurisdiction and Venue

1. This is an action to recover an overpayment of pension benefits in the amount of $12,354.22 to Defendant. Plaintiffs seek relief under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1132(a)(2) and (3), and also bring a common law claim for fraud.

2. This Court has jurisdiction over this action under 29 U.S.C. §§ 1132(e)(1) and 1132(f) and 28 U.S.C. §§ 1331 and 1367.

3. Venue is proper in this Court under 29 U.S.C. § 1132(e)(2) because an action under Title I of ERISA may be brought in the district court where a plan is administered—in this case, the Northern District of Illinois. Venue is also proper in this Court pursuant to 28 U.S.C. §

1391(b)(2), because a substantial part of the events, acts or omissions giving rise to the asserted claims occurred in this District.

## Parties

4.     Central States, Southeast and Southwest Areas Pension Fund (the "Fund") is an employee pension benefit plan as that term is defined in 29 U.S.C. § 1002(2) and is administered from its principal and exclusive offices located in Chicago, Cook County, Illinois.

5.     The Fund is primarily funded by contributions remitted by multiple participating employers pursuant to negotiated collective bargaining agreements with local unions affiliated with the International Brotherhood of Teamsters ("IBT"). All principal and income from such contributions and investments thereof is held and used for the exclusive purpose of providing pension benefits to the Fund's participants and beneficiaries and paying the Fund's administrative expenses.

6.     Plaintiff Charles A. Whobrey ("Whobrey") is a trustee and a fiduciary of the Fund as defined in 29 U.S.C. § 1002(21). Pursuant to 29 U.S.C. §§ 1132(a)(2) and (3), Whobrey is authorized to bring this action on behalf of the Fund in his capacity as trustee and fiduciary.

7.     Michael R. Celestin is a deceased individual who passed away on August 23, 2024. Prior to his death he was a beneficiary of the Fund within the meaning of 29 U.S.C. § 1002(8).

8.     The Estate of Michael R. Celestin is a succession currently pending in the Fifteenth Judicial District Court of the Parish of Lafayette, Louisiana, case no. P-20240942 (the "Celestin Estate").

9.     Emily Cortese ("Cortese, as Dative Independent Executrix,") is the Dative Independent Executrix for the Celestin Estate.

## Relevant Plan Provisions

10. The Fund is administered by its Board of Trustees under the terms of a Trust Agreement and a Plan Document.

11. Pursuant to Article IV of the Trust Agreement, the Trustees are vested with the sole discretionary authority to administer the Fund, to resolve claims for benefits by participants and beneficiaries, and to interpret and construe the terms of its Trust Agreement and Plan Document (which interpretations are binding on all parties).

12. Pursuant to the authority granted to the Trustees by the Trust Agreement, they have established a Plan Document. A copy of the Plan Document is attached hereto as Exhibit A.

13. The Trustees' discretionary authority to administer the Fund and to bind those claiming benefits from the Fund is mirrored in Article VII of the Plan Document, which also grants and reiterates the powers outlined in the Trust Agreement.

14. Article VII, Section 7.05 of the Plan Document provides:

RECOVERY OF OVERPAYMENTS

(a) Any misrepresentation in a claim by a claimant to the Pension Fund for pension or other benefits . . . shall constitute grounds for adjustment of the claim and of the requested benefit, for recovery by the Pension Fund of any benefit payments in reliance upon said misrepresentation and for any other equitable or legal remedies available to the Pension Fund.

(b) Whenever the Pension Fund has made benefit payments exceeding the amount determined by the provisions of its Pension Plan, due to a mistake, the Board of Trustees shall have the right to recover the excess payments.

Exhibit A, p. 69.

**Factual Background**

15. For all relevant periods of time, the Fund directly deposited monthly pension benefits ranging from $2,058.28 to $2,062.82 on behalf of Celestin into an account designated by him at JP Morgan Chase Bank (the "Chase Account").

16.     At some time in or before 2025, the Chase Account was held by the Celestin Estate.

17.     Celestin died on August 23, 2024.

18.     Upon his death, Celestin's rights to the monthly pension benefits ceased and the Fund's obligation to remit the monthly pension benefits terminated.

19.     For the period after Celestin's death through August 18, 2025, the Fund had not received notice of Celestin's death and had no knowledge that he had died.

20.     For the period of September 2024 through February 2025, the Fund continued to directly deposit the monthly pension benefits into the Chase Account.

21.     As a result, for the period of September 2024 through February 2025, the Fund overpaid the monthly pension benefits in the total amount of $12,354.22.

22.     After Celestin's death on August 23, 2024, neither he nor any other beneficiary was entitled to receive any further pension benefits.

23.     Upon information and belief, for all relevant periods, Cortese, as Dative Independent Executrix, was able to access and withdraw money from the Chase Account.

24.     Upon information and belief, for all relevant periods, Cortese, as Dative Independent Executrix, knew that the Fund continued to electronically deposit Celestin's monthly pension benefit into the Chase Account.

25.     Upon information and belief, for all relevant periods, Cortese, as Dative Independent Executrix, fraudulently concealed the material fact of Celestin's death from the Fund.

26.     Cortese, as Dative Independent Executrix, also failed to notify the Fund that the Celestin Estate had been opened, thereby preventing the Fund from timely filing a claim in the estate.

27. The Fund asserted a right to repayment from the assets of the Celestin Estate, which was denied by the attorney for the Celestin Estate, Emily Montgomery, on or about October 23, 2025.

28. As a result of the failure to notify the Fund of Celestin's death, upon information and belief, the Celestin Estate received an overpayment in the total amount of $12,354.22 that was electronically deposited into the Chase Account by the Fund.

29. Celestin died on August 23, 2024. The Celestin Estate was subsequently opened in the Fifteenth Judicial District Court of the Parish of Lafayette, Louisiana.

30. At least a portion of the proceeds from the Chase Account were used to maintain assets of the Celestin Estate.

31. Upon information and belief, the proceeds of the Chase Account are currently being held by the Celestin Estate, as an identifiable fund.

## COUNT I

### Breach of Fiduciary Duty Under ERISA, 29 U.S.C. § 1132(a)(2)

32. The allegations made in paragraphs 1 through 31 are realleged and restated herein by reference.

33. Upon information and belief, Cortese, as Dative Independent Executrix, is in possession of assets, which in equity and good conscience are property of the Fund, which is an ERISA-regulated employee pension benefit plan. Thus, Cortese, as Dative Independent Executrix, is a fiduciary of the Fund, and as a result, owes an obligation under 29 U.S.C. § 1104 to discharge her fiduciary duties to the Fund regarding those assets, to hold said assets in constructive trust for the Fund and to reimburse the full amount of said assets to the Fund upon demand.

34. Notwithstanding the fact that the Fund attempted to demand repayment of its assets (consisting of the overpayments in the amount of $12,354.22) by sending demand notices to Celestin's last known address, Cortese, as Dative Independent Executrix, has refused to reimburse the Fund's said assets. As a result, Cortese, as Dative Independent Executrix, has violated her duties under 29 U.S.C. § 1104 and is liable to the Fund for the breach pursuant to 29 U.S.C. § 1109.

WHEREFORE, the Plaintiffs request the following relief in their favor and against Cortese, as Dative Independent Executrix:

(a) A judgment against Cortese, as Dative Independent Executrix, in favor of Plaintiffs pursuant to 29 U.S.C. § 1132(a)(2) for violation of 29 U.S.C. § 1109 in the amount of $12,354.22;

(b) An award to the Plaintiffs of their attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g); and

(c) All other just and appropriate relief.

## COUNT II

### Breach of Fiduciary Duty Under ERISA, 29 U.S.C. § 1132(a)(3)

35. The allegations made in paragraphs 1 through 34 are realleged and restated herein by reference.

36. Upon information and belief, the Celestin Estate is in possession of assets, which in equity and good conscience are property of the Fund, which is an ERISA-regulated employee pension benefit plan. Thus, Cortese, as Dative Independent Executrix, is a fiduciary of the Fund, and as a result, owes an obligation under 29 U.S.C. § 1104 to discharge her fiduciary duties to the Fund regarding those assets, and to hold said assets in constructive trust for the Fund and to reimburse the full amount of said assets to the Fund upon demand.

37.     Notwithstanding the fact that the Fund attempted to demand repayment of its assets (consisting of the overpayments in the amount of $12,354.22) by sending demand notices to Celestin's last known address, the Celestin Estate has refused to reimburse the Fund's said assets. As a result, Cortese, as Dative Independent Executrix, has violated her duties under 29 U.S.C. § 1104 and is liable to the Fund for the breach pursuant to 29 U.S.C. § 1109.

**WHEREFORE**, the Plaintiffs request the following equitable relief in their favor and against Cortese, as Dative Independent Executrix:

(a)     Equitable relief pursuant to 29 U.S.C. § 1132(a)(3) for violation of 29 U.S.C. § 1109 in the form of an injunction requiring reimbursement by Cortese, as Dative Independent Executrix, to Plaintiffs in the amount of $12,354.22;

(b)     An award to the Plaintiffs of their attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g);

(c)     That Cortese, as Dative Independent Executrix, be further enjoined from disposing of any monies held as a fiduciary for the Plaintiffs and from comingling said monies with any of Cortese, as Dative Independent Executrix's, other assets until such time reimbursement to the Plaintiffs is made in full;

(d)     That this Court retain jurisdiction to enforce the equitable remedy sought by Plaintiffs, for such period of time as required, until Cortese, as Dative Independent Executrix, reimburses Plaintiffs the amount of $12,354.22; and

(e)     All other just and appropriate relief.

## COUNT III

### Equitable Lien and Constructive Trust Under 29 U.S.C. § 1132(a)(3)

38. The allegations made in paragraphs 1 through 37 are realleged and restated herein by reference.

39. The Celestin Estate is in possession of the Fund's assets and, pursuant to Article VII, Section 7.05 of the Plan Document, the Fund asserts an equitable lien on the overpayments described herein.

40. Equitable liens in favor of the Fund may be enforced by a constructive trust upon wrongfully withheld assets in the constructive possession of Cortese, as Dative Independent Executrix, with the constructive trust to continue until full reimbursement is made to the Fund.

41. Cortese, as Dative Independent Executrix, is required to hold said assets in constructive trust for the benefit of the Fund and not dispose of the assets until the Fund's equitable lien has been satisfied.

**WHEREFORE**, the Plaintiffs request the following equitable relief in their favor and against Cortese, as Dative Independent Executrix:

(a) Equitable relief under 29 U.S.C. § 1132(a)(3) in the form of an equitable lien in the amount of $12,354.22 upon the overpayments held by Cortese, as Dative Independent Executrix, which Cortese, as Dative Independent Executrix, is obligated to reimburse to the Fund pursuant to the reimbursement provisions of the Fund's Plan Document, and the imposition of a constructive trust to enforce the Fund's equitable lien;

(b) Equitable relief pursuant to 29 U.S.C. § 1132(a)(3) in the form of an injunction requiring reimbursement by Cortese, as Dative Independent Executrix, to Plaintiffs in the amount of $12,354.22;

(c) That Cortese, as Dative Independent Executrix, be further enjoined from disposing of any monies thus held in constructive trust for the Plaintiffs and from comingling said monies

held therein with any of the Celestin Estate's other assets until such time reimbursement to the Plaintiffs is made in full;

(d)    That this Court retain jurisdiction to enforce the equitable remedy sought by Plaintiffs, for such period of time as required, until the Celestin Estate reimburses Plaintiffs the amount of $12,354.22;

(e)    An award to the Plaintiffs of their attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g); and

(f)    All other just and appropriate relief.

## COUNT IV

### Common Law Fraud

42.    The allegations made in paragraphs 1 through 38 are realleged and restated herein by reference.

43.    During the period of September 2024 through February 2025, Cortese, as Dative Independent Executrix, wrongfully engaged and participated in a prohibited transaction by securing assets in the form of monthly pension benefits from the Fund for an ineligible person after the death of Celestin and initiated these acts when she wrongfully, negligently and/or fraudulently failed to notify the Fund of the death of Celestin.

44.    Cortese, as Dative Independent Executrix, concealed the material fact that Celestin died on August 23, 2024.

45.    The concealment of the death of Celestin was intended to induce the false belief by the Fund that Celestin was still alive, under circumstances in which Cortese, as Dative Independent Executrix, had a duty to speak.

46. The Fund could not have discovered the fact that Celestin was deceased through a reasonable inquiry or inspection and relied upon the silence of Cortese, as Dative Independent Executrix, as a representation of the fact that Celestin was still living.

47. If the Fund had been aware that Celestin had passed away on August 23, 2024, the Fund would have immediately terminated the electronic deposit of the monthly pension benefits in the Chase Account.

48. The Fund's reliance upon Cortese, as Dative Independent Executrix's, silence resulted in injury to the Fund and the Celestin Estate received the amount of $12,354.22 in pension benefits to which it was not otherwise entitled.

49. Consequently, during the period of September 2024 through February 2025, Cortese, as Dative Independent Executrix, committed the tort of fraudulent concealment against the Fund.

50. The Fund suffered damages as a direct and proximate result of Cortese, as Dative Independent Executrix's, fraudulent misrepresentations and concealment of material facts, in that it paid pension benefits during the period of September 2024 through February 2025; payments to which the Celestin Estate was not entitled since no one was eligible for any pension benefit payments subsequent to Celestin's death.

**WHEREFORE**, the Plaintiffs request the following relief in their favor and against Cortese, as Dative Independent Executrix:

*[Remainder of page intentionally left blank.]*

(a)     A judgment in favor of the Plaintiffs and against Cortese, as Dative Independent Executrix, in the amount of $12,354.22;

(b)     An award of attorneys' fees and costs; and

(c)     All other just and appropriate relief.

Respectfully submitted,

/s/ Jennifer K. O'Rourke
Jennifer K. O'Rourke (ARDC #6349608)
CENTRAL STATES FUNDS
Law Department
8647 W. Higgins Road, 8th Floor
Chicago, Illinois 60631
(847) 939-2323
jorourke@centralstatesfunds.org

June 24, 2026                    *ATTORNEY FOR PLAINTIFFS*